DELTA DEVELOPMENT AND CONSTRUCTION CORPORATION, Plaintiff,

v.

SAVINGS ONE ASSOCIATION, etc., and David Friedman, Defendants.

The ROYALE GROUP, LTD., Plaintiff,

v.

SAVINGS ONE ASSOCIATION, etc., and David Friedman, Defendants.

Nos. 85–0457–CIV–EPS, 85–0458–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

May 29, 1986.

Barry Richard, Tallahassee, Fla., for plaintiff.

Jerald Freshman, Miami, Fla., for David Friedman.

Martin Alexander, Ft. Lauderdale, Fla., for Savings One.

## MEMORANDUM OPINION & ORDER DISMISSING CASES PENDING CONCURRENT STATE ACTION

SPELLMAN, District Judge.

### I

This CAUSE comes before the Court on the Defendant's Motion for Reconsideration of Dismissal or for Stay Based on Concurrent state proceedings.

The cases before this Court are practically identical with respect to the facts and issues raised therein. In *Delta Development & Construction Co. v. Savings One,* 637 F.Supp. 629 (D.Fla.1986), the Plaintiff alleges that it entered into loan transactions with Savings One, secured by a mortgage the Plaintiff holds on Oceanfront Hotel Corporation, a Florida Corporation. The Defendants allegedly disbursed $975,-000.00 pursuant to the initial loan, and retained $25,000.00 as prepaid interest. An attorney for the Plaintiff wired funds to the Defendants, which to the extent of $60,000.00 was for pre-paid interest on the loan. Later, the Plaintiff was advised that the loan was in default and that appropriate legal remedies would be taken.

In the companion case, *Royale Group, Ltd. v. Savings One,* 637 F.Supp. 629 (D.Fla.1986), the Plaintiff entered into a loan transaction with the Defendants secured by a mortgage the Plaintiff holds on some Arizona property. The Defendants allegedly were to negotiate financing for the Plaintiff or for a buyer to purchase the property and take out and satisfy the loan. The Plaintiff wired funds to the Defendants, of which $85,000 was allegedly pre-paid interest on the loan. For consideration of the pre-paid interest, the Defendants promised the Plaintiff to extend the loan, allow interest to accrue and become payable upon sale or refinancing of the property. Then, the Plaintiff was advised that the loan was in default and that the appropriate legal remedies would be taken.

The Defendants herein have indicated that there are two presently pending actions in state court dealing with the same parties and subject matter, and since the controversy can be fully decided in state court, the instant case should be dismissed or, in the alternative, stayed pending the disposition of the state court proceedings. The two state actions described at length in the memoranda and exhibits are *Schonwetter v. Restoration Partners Ltd.,* CASE NO: 85-29063(12) (Fla.Cir.Ct., 11th Cir), and *Home Savings of America, F.A. v. The Royale Group, Ltd.,* CASE NO: 86-13972-10 (Fla.Cir.Ct. 11th Cir.).

*Schonwetter* is a mortgage foreclosure proceeding dealing with the same property which is the subject of the Delta Development loan. In that action, Home Savings, predecessor, Savings One, was joined as an allegedly subordinate mortgagee. Home Savings cross claimed against Delta Development, seeking foreclosure of the very same mortgage that is the subject before this Court. Delta answered the cross claim and raised issues identical to those in the matter before this Court. The *Home Savings of America* case in state court seeks the determination of the same or similar issues to those raised in the *Royale Group* case before this Court.

The Defendant in the state court, Delta Development, filed a Petition for Removal in an effort to have the claims considered together in a single forum, but the Honorable James W. Kehoe, remanded the case to state court in 85-3800-CIV-KEHOE.

The Plaintiffs herein agree with the Defendants that both the federal action and

the state court proceedings arise out of the same transaction or occurrence. *See* Rule 13(a) of the Federal Rules of Civil Procedure. The Plaintiffs, however, contend that the Defendants' subsequent attempts to foreclose on the mortgages constitute counterclaims in the cases at bar and that since the federal actions were filed first, this Court should defer to the Plaintiff's choice of forum. For the following reasons, this Court cannot abide by such reasoning.

## II

■ In *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Court considered the propriety of the district court's decision to stay a federal suit out of deference to the parallel litigation brought in state court and provided the factors relevant to a determination of a dismissal of this sort:

> In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required.

*Id.* at 15–16, 103 S.Ct. at 936–937, applying the factors provided in *Colorado River Water Conservation v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

This Court, having balanced the elements set forth in the *Colorado River* and *Moses H. Cone* cases, finds such an interference with the orderly and comprehensive disposition of the state court proceeding to be inutile and ill-advised. First, and perhaps foremost, allowing these actions to go forward in federal court will result in piecemeal litigation. The mortgage foreclosure proceeding remanded to the state court by Judge Kehoe involves an Answer to a cross claim raising the very issues presented in this action. The other case in state court is also determinative of the issues to be resolved in the federal proceedings. The pending state actions do provide ample opportunity to determine the rights of the parties before this Court. Further, this Court does not and cannot exercise jurisdiction over all parties and matters necessary to the full and final determination of the controversy. The state court, on the other hand, is the more adequate and convenient forum in this regard. Due to the exceptional nature of this litigation and the fact that both the federal and state actions spring from the same transactions or occurrences, fragmented disposition would lead to inconsistent results.

This Court has also considered the order in which the concurrent tribunals obtained and exercised jurisdiction. This Court finds that the Plaintiff's argument that the Court where jurisdiction first attaches, retains it exclusively is much too rigid an approach when principles of comity come into play. In fact, the Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) discarded such an interpretation of the "priority" element and stated:

> [T]he ... priority argument gives too mechanical a reading to the 'priority' element of the *Colorado River* balance. This factor, as with the other *Colorado River* factors is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.

*Id.* at 21, 103 S.Ct. at 940. The state court actions, although filed subsequent to these federal cases, have been more actively prosecuted. In particular, the record activity in *Schonwetter* indicates that there have been requests for document production, exchanges of documents amongst var-

ious parties, a Motion for Summary Judgment, depositions taken, and a Motion for the Appointment of a Receiver. Without becoming embroiled in the various reasons behind the inactivity in the federal actions, this Court has been mindful of the fact that they have not progressed much beyond the filing of the Complaint and the Motions to Dismiss.

█ But beyond the fact that a comparison of the progress made in the two cases augurs in favor of a state court resolution of the entire matter, this Court is also of the opinion that applying the priority factor of the *Colorado River* case "with a view to the realities of the case at hand" entails an examination of the very nature of the parallel disputes and a grasp of their true relationship to one another. In essence, the flaw resides in the Plaintiff's insistence that the state court proceedings primarily arise out of the basis of the federal action. The truth of the matter is, however, that the federal action had no real existence until the inception of the state action. In the case before this Court, the Plaintiffs allege that they entered into loan transactions with the Defendants, secured by mortgages on real estate. Allegedly, the Defendants received certain sums to be applied toward interest in exchange for promises to extend the loans and allow the interest to accrue. There was no dispute until the Plaintiffs were advised that the loans were in default and the Defendants herein were instituting legal proceedings. The Plaintiffs' filing of the Complaints in this Court was, in effect, premature since the harm complained of was in the offing and had not yet occurred. In sum, this Court is of the opinion that the priority element of the *Colorado River* test is not satisfied by simply winning the race to the court house door. The Defendants prevail because the Plaintiff's claim arises out of the basis of the state court proceedings.

### III

In conclusion, this Court finds that the above-styled cases present the exceptional circumstances to warrant the dismissal of the federal action in deference to the concurrent state proceeding. In so doing, this Court hopes to avoid piecemeal litigation, promote the comprehensive disposition of the dispute, and conserve our judicial resources. Therefore, it is hereby,

ORDERED AND ADJUDGED that the above-named cases are DISMISSED without prejudice to all claims being asserted in the state forum, and in the unlikely event that said litigation does not result in the final disposition of all claims, said Dismissal is without prejudice to the Plaintiff to reinstitute such action in this Court.